UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VINCENT MARINELLO,                          :
                                            :
                    Plaintiff,              :
                                            :                    **DECISION AND ORDER**
        v.                                  :                    13-CV-3186 (WFK)
                                            :
COMMISSIONER OF SOCIAL SECURITY,            :
                                            :
                    Defendant.              :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Vincent Marinello ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), alleging that Defendant, the Commissioner of Social Security (the "Commissioner"), improperly denied Plaintiff's request for Social Security disability benefits and/or Supplemental Security Income ("SSI") benefits. Plaintiff filed a motion for judgment on the pleadings requesting that the Commissioner's decision be reversed and disability benefits be granted, or in the alternative, the action be remanded for further administrative proceedings. The Commissioner filed a cross-motion for judgment on the pleadings requesting an order affirming the Commissioner's decision and dismissing this action. For the reasons that follow, Plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

In March 2001, Plaintiff sustained severe injuries to the head and face as a result of an automobile accident. *See* Dkt. 14 (Administrative Record) ("R."), at 46-47. At the time of the accident, Plaintiff was employed as a plumber. *Id.* at 36-37. Plaintiff only completed high school through the 10th grade but did receive a general educational development (GED) degree. *Id.* at 35-36. Plaintiff alleges that he has been disabled since March 26, 2001 due to the severe injuries associated with the automobile accident, which include dizziness, nausea, difficulty opening his mouth, and pain on the side of his face and head. *Id.* at 29, 37, 46, 162.

Plaintiff filed an application for Social Security disability benefits under Title II and XVIII of the Social Security Act (the "Act") on October 26, 2009, and filed an application for

SSI benefits on October 28, 2009. *Id.* at 11. Plaintiff's applications were denied at the initial level on April 29, 2010. *Id.* at 58-60. Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 5, 2011. *Id.* at 26-55. After the hearing, the ALJ issued a decision on December 22, 2011 finding Plaintiff was not disabled. *Id.* at 8-21. The Appeals Counsel denied Plaintiff's request for review on May 10, 2013. *Id.* at 1-4. This denial became the Commissioner's final act.

## DISCUSSION

### I.     Standard of Review

When a claimant challenges the Social Security Administration's ("SSA") denial of disability benefits, the Court's function is not to evaluate *de novo* whether the claimant is disabled, but rather to determine only "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart,* 388 F.3d 377, 384 (2d Cir. 2004), *amended on reh'g,* 416 F.3d 101 (2d Cir. 2005); *see also Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y., Inc. v. NLRB,* 305 U.S. 197, 229 (1938)); *Moran,* 569 F.3d at 112. The substantial evidence test applies not only to the Commissioner's factual findings, but also to inferences and conclusions of law to be drawn from those facts. *See Carballo ex rel. Cortes v. Apfel,* 34 F. Supp. 2d 208, 214 (S.D.N.Y. 1999) (Sweet, J.). In determining whether the record contains substantial evidence to support a denial of benefits, the reviewing court must examine the entire record, weighing the evidence on both sides to ensure that the claim "has been

fairly evaluated." *See Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

It is the function of the SSA, not the federal district court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citing *Richardson*, 402 U.S. at 399); *see also Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). Although the ALJ need not resolve every conflict in the record, "the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Calzada v. Asture,* 753 F. Supp. 2d 250, 268-269 (S.D.N.Y. 2010) (Sullivan, J.) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)) (quotation marks omitted).

To fulfill this burden, the ALJ must "adequately explain [her] reasoning in making the findings on which [her] ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269). "[A]n ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error." *Id.* (internal quotation marks and citations omitted). Remand is warranted when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

## II. Determination of Disability

### A. Applicable Law

"To be eligible for disability insurance benefits, an applicant must be 'insured for disability insurance benefits.' *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (quoting 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1)). "In order to be eligible to receive disability insurance

benefits, an applicant must satisfy certain earnings requirements. Generally, an applicant must apply for benefits during the period in which [he] satisfies these earning requirements. If the applicant does not apply for benefits during this period, [he] may still obtain benefits if [he] has been under a continuous period of disability that began when [he] was eligible to receive benefits."[1] *Hartfiel v. Apfel*, 192 F. Supp. 2d 41, 42 n1 (W.D.N.Y. 2001) (Larimer, J.) (internal citations omitted). To be eligible for SSI benefits, an individual must be aged, blind, or disabled as defined in 42 U.S.C. § 1382c and, *inter alia*, meet the resource and income limits specified in the Act.

For purposes of both disability benefits and SSI, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected[ to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairments in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. §§ 404.1520, 416.920. *See e.g.*, *Rosa*, 168 F.3d at 77. The claimant bears the burden of proving the first four steps, while the burden shifts to the Commissioner at the fifth step. *Id.* First, the Commissioner must determine whether claimant is engaging in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If

---

[1] Here, Plaintiff's "earnings records shows that [he] has acquired sufficient quarters of coverage to remain insured through September 30, 2005. Thus, [he] must establish disability on or before [this] date in order to be entitled to a period of disability and disability insurance benefits." R. at 11-12.

the claimant is not so engaged, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step is to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the final step is to determine whether the claimant can perform another job based on his or her RFC, work experience, age, and education. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## B. The ALJ's Decision

On December 22, 2011, the ALJ followed the five-step procedure to evaluate Plaintiff's claim and found that: (1) Plaintiff had not engaged in substantial gainful activity since March 2001, the alleged onset date; (2) Plaintiff had severe impairments of blindness in the right eye and status post nasal and facial surgery; (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Plaintiff had the RFC to perform the full range of sedentary work[2] except that Plaintiff was limited to work not requiring bilateral vision due to right eye blindness

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

and should wear protective glasses to protect Plaintiff's good left eye, but that Plaintiff was unable to perform any past relevant work; and (5) considering Plaintiff's age, education, work experience, and RFC, Plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. As a result, the ALJ found that Plaintiff was not disabled from March 26, 2001 to the date of the ALJ's decision – December 22, 2011. R. at 12-20.

In determining that Plaintiff had the RFC to perform sedentary work, the ALJ considered Plaintiff's testimony and symptoms, the medical opinions of Dr. Arnold S. Packer, M.D., Plaintiff's treating physician, Dr. Benjamin Kropsky, M.D., who performed a consultative internal-medical examination of Plaintiff, Dr. S. Siddiqui, M.D., a state-agency medical review physician, and Dr. Susie Chow, M.D., who performed a consultative physical examination of Plaintiff. *Id.* at 15-19. The ALJ also considered the testimony of Dr. Charles Greenberg, M.D., an independent medical expert. *Id.* The ALJ ultimately found that Plaintiff's statements were not credible because they were inconsistent with the RFC assessment, and that the ALJ did not have to grant significant weight to Dr. Packer because "the opinion that the [Plaintiff] is not able to work is a determination reserved for the Commissioner." *Id.* at 18-19. Upon reviewing Plaintiff's testimony as well as the opinions of the aforementioned doctors, the ALJ concluded that Plaintiff was able to perform sedentary work because "the amount of pain and the disabling effects are just no[t] supported by the treatment record or the medical opinions of Dr. Siddiqui, Kropsky[,] or Dr. Greenberg." *Id.* at 19.

Although the ALJ determined that Plaintiff was not able to perform any past relevant work, the ALJ relied on Miriam Green, a vocational expert, to find that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national

economy" such as "Charge Accounting Clerk," "Taxi Dispatcher," and "Tel[ephone] Sales." *Id.* at 20. Based on the foregoing, the ALJ concluded that Plaintiff had not been under a disability as defined by the Act. *Id.*

### C. The ALJ's Alleged Errors

Plaintiff argues that the ALJ's "adjudication is deficient" because it is not supported by substantial evidence. Dkt. 8 ("Pl.'s Br.") at 4, 8. Specifically, Plaintiff alleges that the ALJ should have granted Dr. Packer's, Plaintiff's treating physician, findings controlling authority because "the record is devoid of any medical evidence inconsistent with Dr. Packer's findings." *Id.* at 7. As such, the ALJ should have considered Dr. Packer's findings that "[Plaintiff's] speech is impaired by pain in the jaw" and that "[P]laintiff can speak only briefly and intermittently." *Id.* at 7-8. According to Plaintiff, because the ALJ failed to grant controlling weight to Dr. Packer's findings, the ALJ incorrectly concluded that Plaintiff could become a taxi dispatcher or telephone salesperson since those jobs require talking for most of the day. *Id.* at 8. Therefore, Plaintiff concludes that because "the ALJ failed to adduce evidence that he can perform a significant number of other jobs, the sequential evaluation process . . . mandates a finding of disabled." *Id.*

To determine whether the ALJ's decision should be remanded for further administrative proceedings, the Court must examine the issue of whether the ALJ properly evaluated Dr. Packer's findings. For the reasons set forth below, the Court finds that the ALJ properly evaluated Dr. Packer's findings and, therefore, remand is unnecessary.

### III. The ALJ Properly Evaluated Dr. Packer's Findings

In evaluating the available medical evidence as part of an application for disability benefits, "[t]he law gives special evidentiary weight to the opinion of the treating physician[s]." *Clark*, 143 F.3d at 188. Specifically, the regulations provide that:

> Generally, [the SSA] give[s] more weight to opinions from [a Plaintiff's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). For these reasons, the opinion of a treating physician must be given controlling weight on the issue of the nature and severity of a claimant's impairments, if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." *Id.* If a treating physician's opinion is not given controlling weight by the ALJ because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with the other substantial evidence in the case record, then six factors must be assessed by the ALJ in order to determine how much weight to afford the treating medical opinion and other medical opinions. These factors are: 1) whether the physician examined the claimant; 2) the nature and extent of the treatment relationship, including the length of the relationship and the frequency of examination; 3) the evidence in support of each opinion, such as medical signs, laboratory findings, and more complete explanations; 4) the extent to which the opinion is consistent with the record as a whole; 5) whether the medical provider is a specialist; and 6) any other relevant factors. 20 C.F.R. §§ 404.1527(c), 416.927(c). The Second Circuit has instructed that remand is appropriate "when the Commissioner has not provided 'good reasons' for the weight given to a treating physician[']s opinion," or when "opinions from ALJs [] do not

comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004).

In this case, Plaintiff has one treating physician: Dr. Packer. Plaintiff argues that the ALJ should have given controlling weight to Dr. Packer's assessments and findings under the treating physician rule because "the record is devoid of any medical evidence inconsistent with Dr. Packer's findings." Pl.'s Br. at 7. Dr. Packer's findings ultimately concluded that Plaintiff could only speak briefly and intermittently. As a result, had the ALJ granted controlling weight to these findings, the ALJ would not have been able to conclude that Plaintiff had the skills required for jobs existing in significant numbers in the national economy such as a taxi dispatcher and telephone salesperson because those jobs require significant amounts of talking during the day. *Id.* at 8. For the reasons set forth below, the Court disagrees with Plaintiff.

In deciding to not give controlling weight to Dr. Packer's opinions, the ALJ noted:

> "The [ALJ] considered the report dated January [2011] by Dr. Packer, the [Plaintiff's] treating physician, who opined that the [Plaintiff] got into a motor vehicle accident in 2001 and sustained head, nose, jaw and right eye injury. He reported that the [Plaintiff] underwent multiple surgeries with moderate success, with right eye blindness, limited jaw movement and pain precluding chewing of hard food and precluding speech for brief periods of time and on an intermittent basis. The doctor also found that the [Plaintiff] was not able to work. The [ALJ] has given some weight to the treating source, but the opinion that the [Plaintiff] is not able to work is a determination for the Commissioner."

R. at 18 (internal citations omitted).

The ALJ then went on to consider and discuss the opinions of Dr. Kropsky, Dr. Siddiqui, Dr. Greenberg, and Dr. Chow, all of whom reported that Plaintiff's prognosis was fair and that Plaintiff was within normal limits. *Id.* at 16-19. Not a single one of these doctors opined that Plaintiff would not be able to work – unlike Dr. Packer. *Id.* As a result, the ALJ granted "some weight" to the opinions of Doctors Kropsky, Siddiqui, Greenberg, and Chow. *Id.* at 19.

Based on the foregoing assessment, the Court finds that the ALJ properly evaluated Dr. Packer's opinion because "[Dr. Packer] issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran*, 362 F.3d at 32 (internal citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

As detailed below, Dr. Packer's opinions are inconsistent with the other medical experts on record. For ease of explanation, the below chart provides a summary:

| Dr. Packer | "Movement of the jaw remains limited and painful, precluding chewing of hard food and precluding speech other than on a brief and intermittent basis. The patient suffers chronic facial pain, only minimally relieved with medication. It is my opinion that the nature of severity of his symptoms are such that he cannot possibly perform any regular work." R. at 272. |
|---|---|
| Dr. Kropsky | "The claimant has a moderate limitation for bending, lifting, and carrying secondary to the pain in the left side of his face from prior surgery and removal of tissue. The claimant has a mild limitation for prolonged walking and climbing secondary to shortness of breath." R. at 245. |
| Dr. Siddiqui | "Current [ability to perform work-related activities] would be as indicated in the 1/11/2010 DF-232," which states that Plaintiff could "[stand and/or walk for] 6 hrs. . . . sit 6 hrs. . . . [frequently lift] 10 lbs. . . .[and occasionally lift] 20 lbs with limited bending is appropriate." R. at 248, 258. |
| Dr. Greenberg | "The objective evidence in here would not exclude sedentary. And again, the medical evidence is really absent in the exhibit file. He did have surgery, and I think there certainly would have been a period of time during the surgery and the recovery from the surgical procedures that it would be difficult to work, but it's just not clear what he did from the alleged onset until the surgery or why he would not be capable of work at the present time. At least at the sedentary level." R. at 49. |
| Dr. Chow | "There are no restrictions to sitting, standing, walking, climbing stairs. There is moderate restriction to bending, lifting, pushing, pulling, and carrying. He should avoid smoke, dust, and known respiratory irritants. There is moderate to marked restriction from tasks that require fine visual activity." R. at 277. |

From the above, it becomes clear that only Dr. Packer opined that Plaintiff could not perform any regular work. All the other doctors submitted opinions and/or testimony consistent with the ability of Plaintiff to perform sedentary work as defined under 20 C.F.R. §§ 404.1567(a), 416.967(a). "Given the [inconsistency of Dr. Packer's findings], the ALJ was free

to discount [Dr. Packer's] opinions in favor of a broader view of the medical evidence, notwithstanding [Dr. Packer's] status as the 'treating physician.'" *Michels v. Astrue*, 297 F. App'x 74, 76 (2d Cir. 2008). As such, Plaintiff cannot argue that the ALJ failed to "adduce evidence that [Plaintiff] can perform a significant number of other jobs" because the ALJ properly considered the opinion of Dr. Packer. Pl.'s Br. at 8. Accordingly, Plaintiff's motion for judgment on the pleadings must be DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings, Dkt. 8, is DENIED, and Defendant's motion for judgment on the pleadings, Dkt. 12, is GRANTED. This matter is hereby dismissed. The Clerk of Court is respectfully instructed to close this case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 2 2015
    Brooklyn, New York